UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT RENE TURNER,

    Plaintiff,

v.

CECILIA CASTELLANOS, et al.,

    Defendants.

Case No. 20-cv-01152-JST

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff, an inmate currently incarcerated at Mule Creek State Prison, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

# DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff has named as defendants Judge Cecilia Castellanos and Deputy District Attorney Sharon Carney. Plaintiff alleges that Carney withheld exculpatory evidence and produced this evidence only after plaintiff was convicted, and that Judge Castellanos was aware of the exculpatory evidence but allowed Carney to withhold it. Plaintiff seeks $60 million in monetary damages.

The Court will dismiss this action because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[1] Pursuant to *Heck*, in order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. If

---

[1] Plaintiff's claims are also likely barred by the doctrines of judicial and prosecutorial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (state judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process.").

success in the Section 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the Section 1983 suit is barred no matter the relief sought and no matter the target of the suit. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, a § 1983 action alleging the withholding of exculpatory evidence, if successful, would necessarily imply the invalidity of Plaintiff's conviction, and is not cognizable under *Heck* unless Plaintiff can show his conviction has already been invalidated. Accordingly, his claim is not cognizable under Section 1983 and must be dismissed.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED as barred by *Heck*. The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

Dated: April 21, 2020

_____
JON S. TIGAR
United States District Judge

3